# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HEALTH ENHANCEMENT PRODUCTS, INC.,
a Nevada corporation,

        Plaintiff,

v

CEPTAZYME, LLC,
a limited liability company,
ZUS HEALTH, LLC, and
a Utah limited liability company,

        Defendants.

Case No. 12-cv-10948
Hon.: Avern Cohn
Magistrate Judge: Laurie J. Michelson

Removed from:
Oakland County Circuit Court
Case No. 12-124233-CK
Hon. James M. Alexander

_____/

| EDWARD G. LENNON PLLC | MADDIN, HAUSER, WARTELL, |
|---|---|
| Edward G. Lennon (P42278) | ROTH & Heller, P.C. |
| Attorney for Plaintiff | Brian A. Nettleingham (P58966) |
| 355 S. Old Woodward, Ste, 100 | Attorneys for Defendants |
| Birmingham, MI 48009 | 28400 Northwestern Hwy., 3rd Floor |
| (248) 723-1276 | Southfield, MI 48034 |
| elennon@lennonlawpllc.com | (248)354-4030 |
| | ban@maddinhauser.com |

_____/

## AFFIDAVIT OF ANDREW A. DAHL

Andrew Dahl, being duly sworn, states that he is competent to testify to the following facts of which he is personally aware:

1. From March, 2009 until December, 2011, I provided consulting services to Health Enhancement Products, Inc. ("HEPI"), the Plaintiff in this matter. On December 16, 2011, I was appointed President of HEPI.

2. Since I began providing consulting services to HEPI, I have familiarized myself with the business of HEPI, as well as some of the various transactions involving HEPI since the business was formed.

3. Prior to January, 2012, HEPI maintained a production facility and its headquarters in Arizona. In January, 2012, prior to this lawsuit being filed, HEPI moved its headquarters to Bloomfield Township, Michigan.

4. Prior to moving its headquarters to Michigan, HEPI had attempted to file with the Michigan authorities a certificate of transacting business in Michigan. Although HEPI was then assigned a Michigan corporate identification number of 296152, that filing was unsuccessful. HEPI has now filed a certificate of transacting business in Michigan. (See Exhibit 1 attached to this affidavit.)

5. HEPI is the rightful owner of certain intellectual property and know-how relating to nutritional products known and trademarked as ProAlgaZyme ("the Product"). HEPI's files reveal that HEPI and Defendant Zus Health, LLC ("Zus") entered into a license agreement on September 2, 2010 ("the Agreement"). Under the Agreement, HEPI granted to Zus a worldwide license to market, sell and distribute the Product according to certain terms and conditions.

6. By its very terms, the Agreement requires that Zus may not assign its rights and obligations under the Agreement without the written consent of HEPI. While the Agreement does give Zus the right to enter into a sublicense agreement with a viable third party, any such sublicense does not abrogate Zus' obligations to HEPI.

7. HEPI's files and records contain no writing by which HEPI consented to the assignment of the Agreement by Zus.

8. HEPI records reveal that, by September, 2011, Defendants had breached the Agreement by, among other things, failing to timely pay for Product. (See Agreement, Sections 3.2, 3.4.)

9. After I started as President of HEPI, I became aware that Defendant Ceptazyme, LLC ("Ceptazyme") was acting as the purported assignee or successor of Zus under the Agreement. I notified Ceptazyme that, since I could find no written consent by HEPI to Zus' purported assignment to Ceptazyme, and because HEPI's files contained no written notice of the purported assignment, HEPI's position was that there was no valid assignment of the Agreement to Ceptazyme. During this time and at no time prior to this litigation being filed by HEPI did Zus or Ceptazyme provide to HEPI a copy of the purported November 8, 2010 assignment agreement that is attached to Defendants' motion to dismiss for lack of personal jurisdiction that was filed March 8, 2012.

10. HEPI has also notified Defendants of other breaches of the Agreement in addition to the breaches described above. In my January 8, 2012 letter to Ceptazyme (Exhibit 2), I notified Ceptazyme of the following breaches of the Agreement: (a) contrary to Section 7.1 and 7.7 of the Agreement, Ceptazyme failed to comply with applicable FDA regulations in connection with the promotion, distribution and use of the Product; and (b) contrary to Section 11.4 of the Agreement, Ceptazyme has failed to comply with other applicable laws, rules and regulations. Additionally, HEPI has learned that, contrary to Section 8.6 of the Agreement, Ceptazyme has failed to maintain certain product liability insurance.

3

11. Because Zus and (if the purported assignment is deemed valid) Ceptazyme have breached the Agreement, HEPI has filed this suit seeking a declaratory judgment that the Agreement is deemed terminated. HEPI has also requested money damages, including attorney fees that are recoverable under Section 11.7 of the Agreement.

12. In connection with the Agreement, Ceptazyme and Zus representatives have had substantial contacts in Michigan. Among other things, Defendants' representatives have communicated with HEPI representatives based in Michigan. Additionally, as noted in the affidavit of Bradley Robinson ("Robinson") attached to Defendants' motion, as a representative of Ceptazyme, Robinson met with HEPI representatives John Gorman (then HEPI Board member), Steve Warner (then HEPI Board member), and John Crissman (then HEPI Board member) at a meeting in Michigan that took place on September 22, 2011. The September 22, 2011 meeting was scheduled to take place the day before a HEPI Board of Directors. It was necessary for Robinson to make arrangements to travel to Michigan for the meeting.

The attendees at the September 22, 2011 meeting discussed a potential resolution of the issues between Plaintiff and Defendants. Among other things, HEPI argued that the assignment of the Agreement to Ceptazyme was invalid. The meeting was not social in purpose, and business was conducted at this meeting.

13. In addition to the September 22, 2011 meeting, Robinson has been in Michigan for other meetings that concerned HEPI and the Agreement. I personally met with Robinson in Michigan on April 29, 2011 and another date that I am trying to determine, and the purpose of both of these meetings was to discuss HEPI matters. I

4

have also been informed that, as a representative of Ceptazyme, Robinson has attended other meetings in Michigan.

14. Pursuant to the worldwide license given by the Agreement, it is believed that Defendants and their sublicensees are marketing the Product to customers throughout the United States, including customers in Michigan. Upon information and belief, pursuant to Defendants' marketing efforts, the Product is being shipped to Michigan consumers.

15. Upon information and belief, one of Defendants' sublicensees that receives, distributes and sells the Product in Michigan is David Bommarito ("Bommarito"), a resident of Oakland Township, Michigan. Upon information and belief, Bommarito is an owner of one of the entity members of Ceptazyme.

Further affiant sayeth not.

_____
ANDREW A. DAHL

Subscribed and sworn to before me
this 27th day of March, 2012.

_____
Tracy L Guellec, Notary Public,
Oakland County, State of Michigan
My commission expires: 4/16/2014

Tracy L Guellec
Notary Public of Michigan
Oakland County
Expires 04/16/2014
Acting in the County of _____



## Department of Licensing and Regulatory Affairs

### Lansing, Michigan

This is to Certify That

**HEALTH ENHANCEMENT PRODUCTS, INC.**

a corporation existing under the laws of the State of NEVADA was validly authorized to transact business in Michigan on the 16th day of March, 2012, in conformity with 1972 PA 284, as amended.

Said corporation is authorized to transact in this state any business of the character set forth in its application which a domestic corporation formed under this act may lawfully conduct. The authority shall continue as long as said corporation retains its authority to transact such business in the jurisdiction of its incorporation and its authority to transact business in this state has not been surrendered, suspended or revoked.

This certificate is in due form, made by me as the proper officer, and is entitled to have full faith and credit given it in every court and office within the United States.



Sent by Facsimile Transmission
60687P

In testimony whereof, I have hereunto set my hand, in the City of Lansing, this 16th day of March, 2012.

_____ Director

Bureau of Commercial Services



PLAINTIFF'S EXHIBIT
1

# Michigan Department of Licensing and Regulatory Affairs

## Filing Endorsement

This is to Certify that the APPLICATION FOR CERTIFICATE OF AUTHORITY

for

HEALTH ENHANCEMENT PRODUCTS, INC.

ID NUMBER: 60087P

received by facsimile transmission on March 15, 2012 is hereby endorsed Filed on March 16, 2012 by the Administrator.

The document is effective on the date filed, unless a subsequent effective date within 90 days after received date is stated in the document.



In testimony whereof, I have hereunto set my hand and affixed the Seal of the Department, in the City of Lansing, this 16TH day of March, 2012.

*Director*

**Bureau of Commercial Services**

Sent by Facsimile Transmission 12076

BCS/CD-060 (Rev 04/11)

## MICHIGAN DEPARTMENT OF LICENSING AND REGULATORY AFFAIRS
### BUREAU OF COMMERCIAL SERVICES

| Date Received | (FOR BUREAU USE ONLY) |
|---|---|
| | This document is effective on the date filed, unless a subsequent effective date within 90 days after received date is stated in the document |

Name: Gary R. Trzaskos
Address: P.O. Box 113

| City | State | Zip Code |
|---|---|---|
| Walled Lake | Michigan | 48390 |

EFFECTIVE DATE:

Document will be returned to the name and address you enter above.
If left blank document will be mailed to the registered office.

## APPLICATION FOR CERTIFICATE OF AUTHORITY
## TO TRANSACT BUSINESS OR CONDUCT AFFAIRS IN MICHIGAN
### For use by Foreign Corporations
(Please read information and instructions on the last page)

*Pursuant to the provisions of Act 284, Public Acts of 1972 (profit corporations), or Act 162, Public Acts of 1982 (nonprofit corporations), the undersigned corporation executes the following Application:*

1. The name of the corporation is:

   Health Enhancement Products, Inc.

2. (Complete this item only if the corporate name in item 1 is not available for use in Michigan.)
   The assumed name of the corporation to be used in all its dealings with the Bureau and in the transaction of its business or the conducting of its affairs in Michigan is:

3. It is incorporated under the laws of  Nevada                                           The
   date of its incorporation is  March 28, 1983                        , and the term of its existence
   if other than perpetual is

4. a. The address of the main business or headquarters office of the corporation is:

   | 7740 East Evans Road, | Scottsdale, | Arizona | 85260 |
   |---|---|---|---|
   | (Street Address) | (City) | (State) | (ZIP Code) |

   b. The mailing address if different than above is:

   | | | | |
   |---|---|---|---|
   | (Street Address) | (City) | (State) | (ZIP Code) |

5. The address of its registered office in Michigan is:

   7 West Square Lake Road                Bloomfield Hills,  , Michigan     48302
   (Street Address)                        (City)                            (ZIP Code)

   The mailing address of the registered office in Michigan if different than above is:

   _____, Michigan _____
   (Street Address or P.O. Box)            (City)                            (ZIP Code)

   The name of the resident agent at the registered office is:  Philip M. Rice

   The resident agent is an agent of the corporation upon whom process against the corporation may be served.

6. The specific business or affairs which the corporation is to transact or conduct in Michigan is as follows:

   Research and development of bioactive algae.

   The corporation is authorized to transact such business in the jurisdiction of its incorporation.

7. (To be completed by profit corporations only)

   The total authorized shares of the corporation are:  1,500,000

8. If the applicant is a trust please specify any powers or privileges possessed by the trust that are not possessed by an individual or a partnership.

Signed this  13th  day of  March  2012

By _____ Authorized Agent
   (Signature of Authorized Officer or Agent)

   Gary R. Trzaskos, Authorized Agent
   (Type or Print Name)

LARA is an equal opportunity employer/program. Auxiliary aids, services and other accommodations are available upon request to individuals with disabilities.

03/16/2012 7:38:52 AM -0400 DELEG FAXCOM                        PAGE 5    OF 6
MAR-12-2012 16:14    From:248-669-1412                                Page:6/6





## CERTIFICATE OF EXISTENCE
## WITH STATUS IN GOOD STANDING

I, ROSS MILLER, the duly elected and qualified Nevada Secretary of State, do hereby certify that I am, by the laws of said State, the custodian of the records relating to filings by corporations, non-profit corporations, corporation soles, limited-liability companies, limited partnerships, limited-liability partnerships and business trusts pursuant to Title 7 of the Nevada Revised Statutes which are either presently in a status of good standing or were in good standing for a time period subsequent of 1976 and am the proper officer to execute this certificate.

I further certify that the records of the Nevada Secretary of State, at the date of this certificate, evidence, HEALTH ENHANCEMENT PRODUCTS, INC., as a corporation duly organized under the laws of Nevada and existing under and by virtue of the laws of the State of Nevada since March 28, 1983, and is in good standing in this state.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the Great Seal of State, at my office on March 14, 2012.

ROSS MILLER
Secretary of State

Electronic Certificate
Certificate Number: C20120314-2414
You may verify this electronic certificate
online at http://www.nvsos.gov/

03/15/2012   9:15AM (GMT-04:00)